CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-7234
    Jeremy.Chu@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARMIN SADIGHI *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH B. EDLOW, *in his official capacity as the Director of U.S. Citizenship and Immigration Services*, <br><br> Defendant. | CASE NO. 3:26-cv-2494-CRB <br><br> **DEFENDANT'S *EX PARTE* APPLICATION FOR STAY OF PROCEEDINGS; [PROPOSED] ORDER** <br><br> Hon. Charles R. Breyer |

EX PARTE APPLICATION FOR STAY OF PROCEEDINGS; [PROPOSED] ORDER
3:26-CV-2494-CRB                    1

### *EX PARTE* APPLICATION

Pursuant to Civil Local Rule 7-10 and the Court's General Standing Order I.B.7, Defendant Joseph B. Edlow hereby applies *ex parte* for an order staying all proceedings in this action[1] and for the parties to provide a status report to the Court in 30 days of such an order.  Good cause supports this request, because the central issue in this case—the adjudicative holds resulting from two national immigration policies—was addressed in a nationwide vacatur issued by a federal court in Rhode Island just days ago, and the modest extension is required to clarify what, if anything, is required for further briefing with this Court.

### I.    Factual Background

This case concerns 22 Plaintiffs[2] who filed a Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief on March 23, 2026, challenging two nationwide policies that were issued by U.S. Citizenship and Immigration Services ("USCIS") concerning an adjudicative hold on applications for immigration benefits submitted by individuals from countries that had been identified as "high risk" by the United States, referred to as PM-602-0192 and PM-602-0194 (the "Policy Memoranda").  *See* ECF No. 1 (the "Complaint").  Plaintiffs subsequently filed a motion for preliminary injunction, asking the Court to enjoin Defendant from applying the Policy Memoranda to Plaintiffs' Form N-400, Application for Naturalization and to order Defendant to adjudicate their applications within thirty days.  ECF No. 10-1 at 32.  Defendant filed an opposition to the motion, ECF No. 17, and the motion is pending before this Court.

On June 5, 2026, the United States District Court for the District of Rhode Island in *Dorcas Int'l Inst. Of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026) ordered—at the summary judgment stage—that the Policy Memoranda are unlawful and are to be vacated.  On June 11, 2026, the Court entered final judgment on its summary judgment order and clarified that the Policy Memoranda "are no longer in effect."  Dkt. 36, *Dorcas Int'l Inst. Of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS (D.R.I. June 11, 2026).  And the United States subsequently filed a notice of appeal to the First Circuit Court of Appeals.  *See* Dkt. 39, *id.*

---

[1] The Court is currently scheduled to hear Plaintiffs' motion for preliminary injunction on June 26, 2026, at 10:00 a.m., and Defendant's response to Plaintiffs' Complaint is due on June 16, 2026.

[2] Two of the original 24 Plaintiffs voluntarily dismissed their claims.  *See* ECF No. 21; *see also* ECF No. 22.

EX PARTE APPLICATION FOR STAY OF PROCEEDINGS; [PROPOSED] ORDER
3:26-CV-2494-CRB                                           2

Further, the United States District Court for the District of Massachusetts denied without prejudice a group of noncitizens' request for preliminary injunctive relief from the Policy Memoranda, finding that *Dorcas* "has effectively given plaintiffs the relief which they seek in their motion" and therefore the motion is moot. Dkt. 12, *Abdelrahim v. Edlow*, No. 1:26-cv-11995-RGS (D. Mass. June 11, 2026). The court in Massachusetts also stated that it "is inclined to stay further proceedings in this action pending exhaustion of the appeals process in" *Dorcas* and ordered the parties to notify the court of their positions on the propriety of a stay. *Id*.

Given the potential implications of the *Dorcas* decision in this matter, on June 10, 2026, counsel for Defendant reached out to Plaintiffs' counsel by email about a potential stipulation to stay the proceedings so that the parties can gain further clarity on the impact of *Dorcas* on the pending motions and thereby preserve the parties' and the Court's resources on unnecessarily briefing issues. ECF No. 24-1 Nag Young Chu Declaration ¶ 2. Defendant's counsel again sent an email the next day to confer with Plaintiffs' counsel about a potential stay. *Id*. ¶ 3. As of the date of this *ex parte* application, Plaintiffs have not responded to those emails. *Id*. ¶ 4.

## II. The Proceedings Before This Court Should be Stayed Given the Decision in *Dorcas* to Vacate the Policy Memoranda, Which is the Core Issue in This Action

Defendant respectfully submits that the requested stay would promote the interests of judicial economy and conserve the Court's and the parties' resources for multiple reasons.

First, since Plaintiffs filed their Complaint and preliminary injunction motion, a federal court has entered an order that has significant implications on the application of the Policy Memoranda that are the primary focus of this litigation. Indeed, the Policy Memoranda are the centerpiece of Plaintiffs' claims. *See*, *e.g.*, ECF No. 10-1 at 8 (seeking "urgent preliminary injunctive relief . . . enjoining Defendants' [sic] hold on adjudication of Plaintiffs' N-400 applications pursuant to" the Policy Memoranda); *see also* ECF No. 20 at 8-16 (arguing that the Policy Memoranda constitute "final agency action," caused unreasonable delays in adjudication of the N-400 applications, is *ultra vires*, and violates the Equal Protection Clause of the Fifth Amendment). The motion for preliminary injunction focuses on Plaintiffs' arguments that the Policy Memoranda must be lifted because Plaintiffs will suffer irreparable harm without such emergency relief. *See* ECF No. 20 at 19-20. But the district court in *Dorcas* declared unlawful and ordered the Policy

Memoranda to be vacated, and the United States is complying with the *Dorcas* order. Accordingly, any further developments related to the *Dorcas* decision—including the appeal of that decision—will have important implications for what issues, if any, will need to be briefed by the parties and decided by this Court.

Second, a stay of the proceedings in this matter will give the parties an opportunity to understand the impact of the *Dorcas* decision on this case and, in particular, on Plaintiffs' applications for naturalization. Because the USCIS will process immigration benefit applications without the Policy Memoranda in effect, pending further clarification from the district court in Rhode Island or the First Circuit, it is unclear whether, and to what extent, a removal of the adjudicative holds on these applications will resolve the issues in this case. The decision by the district court of Massachusetts to, on its own, deny for mootness a motion for preliminary injunction in a similar case and order the parties to state their positions on a stay illustrates that this Court's consideration of a stay of proceedings here is also appropriate. *See* Dkt. 12, *Abdelrahim*, No. 1:26-cv-11995-RGS. A stay of proceedings to await further clarity from the First Circuit and then for the parties to meet and confer on what issues, if any, remain for briefing in this case would preserve the parties' and the Court's resources.

Third, the *Dorcas* decision affects Plaintiffs' remaining mandamus claim for specific timelines to adjudicate their benefits applications, and a continuance is necessary to efficiently determine this process and schedule. Plaintiffs request—in addition to an order enjoining the Policy Memoranda—that the Court order Defendant to adjudicate Plaintiffs' Form N-400 applications within 30 days. Complaint at 41; ECF No. 10-1 at 32. But given *Dorcas*, it is especially unclear whether such injunctive relief would be appropriate if the Policy Memoranda are not in effect. Plaintiffs must show an individualized need for the extraordinary relief of processing their various applications within a specified amount of time, and the Court's consideration of those requests will inevitably be different if the Policy Memoranda are vacated.

As a result, a stay in this action will conserve the limited resources of the Court and the parties, allow the parties to understand what issues they will be litigating, and reduce the likelihood of expending time and effort on issues that may be narrowed. For the foregoing reasons, Defendant respectfully requests that the Court grant this request for a stay and order the parties to provide a status report within 30 days of the Court's order.

EX PARTE APPLICATION FOR STAY OF PROCEEDINGS; [~~PROPOSED~~] ORDER
3:26-CV-2494-CRB                                    4

Date: June 12, 2026                          Respectfully submitted,

                                             CRAIG MISSAKIAN
                                             United States Attorney

                                   By:    __/s/ Nag Young Chu_____
                                             NAG YOUNG CHU
                                             Assistant United States Attorney

                                             Attorneys for the Defendant

EX PARTE APPLICATION FOR STAY OF PROCEEDINGS; [PROPOSED] ORDER
3:26-CV-2494-CRB                          5

[~~PROPOSED~~] ORDER

**IT IS SO ORDERED:**

Good cause appearing therefor, the Court grants Defendant's *ex parte* application for a stay of proceedings.  The parties shall provide the Court a status report of any developments in this matter within 30 days of this order.

Date:  June 15, 2026

_____
HONORABLE CHARLES R. BREYER
United States District Judge