IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIN SADIGHI, et al., | Case No. 26-cv-02494-CRB |
| Plaintiffs, | |
| v. | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| JOSEPH B. EDLOW, | |
| Defendant. | |

Plaintiffs are a group of lawful permanent residents in the United States who have pending naturalization applications before the U.S. Citizenship and Immigration Services ("USCIS"). They submitted their Form N-400 to USCIS between November 23, 2023 and December 30, 2025. But on December 2, 2025, USCIS published a policy memorandum that stopped adjudication of applications filed by immigrants from purportedly high-risk countries, which included Plaintiffs' applications. USCIS immediately canceled interviews and oath ceremonies, which impacted ten Plaintiffs. Then on January 1, 2026, USCIS published another memorandum, which expanded the number of high-risk countries. Because of the memoranda and USCIS's subsequent inaction, Plaintiffs' applications are stuck in limbo. They remain deprived of access to the benefits and privileges afforded to United States citizens.

Consequently, Plaintiffs filed suit against Joseph Edlow in his official capacity as the Director of USCIS. See Compl. (dkt. 1). They seek declaratory and injunctive relief to enjoin the delay in adjudication of their applications pursuant to the memoranda and compel Edlow to act on the applications. Plaintiffs now move for a preliminary injunction enjoining USCIS's delay based on the memoranda and ask the Court to compel Edlow

(and USCIS) to act on applications or schedule oath ceremonies within 30 days of such an order. Mot. (dkt. 10). Edlow opposes. Opp'n (dkt. 17). As explained below, the Court **GRANTS** Plaintiffs' motion.[1]

## I.    LEGAL STANDARD

A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)).

A mandatory injunction is "one that goes beyond simply maintaining the status quo and orders the responsible party to take action pending the determination of the case on its merits." See Doe v. Snyder, 28 F.4th 103, 111 (9th Cir. 2022). "The standard for issuing a mandatory preliminary injunction is high." Id. "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. (quoting Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009)) (internal quotations omitted).

## II.    DISCUSSION

The Court concludes that all the Winter factors favor Plaintiffs. Each factor is discussed below.

### A.    Likelihood of Success on the Merits

In a sense, Plaintiffs have already won. A district court in Rhode Island has already declared the policy memoranda unlawful and set them aside as contrary to law and arbitrary and capricious. See Dorcas Int'l Inst. of Rhode Island v. United States

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.

United States District Court
Northern District of California

Citizenship & Immigr. Servs., No. 26-CV-132-JJM-PAS, 2026 WL 1622708, at *54 (D.R.I. June 5, 2026), judgment entered, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026).  Following this decision and pending an appeal, USCIS posted that the policy memoranda "should be treated as if they are not in effect." Ghassemibouyaghchi v. Edlow, No. 26-CV-04933-AGT, 2026 WL 1959121, at *1 (N.D. Cal. July 6, 2026) (citing USCIS post).  And Edlow has faced a veritable flood of losses from other courts on this very issue—many in this District.  See, e.g., Sunny-Odio v. Trump, No. 26-CV-04816-RFL, 2026 WL 1763854 (N.D. Cal. June 18, 2026) (granting preliminary injunction); Behdin v. Edlow, No. 26-CV-00566-SVK, 2026 WL 1031079 (N.D. Cal. Apr. 16, 2026) (same); Doe v. Edlow, No. 2:26-CV-494, 2026 WL 1945085 (S.D. Ohio July 6, 2026) (same).  This Court joins them.

Plaintiffs have shown a likelihood of success on their arbitrary and capricious claims under Section 706(2) of the Administrative Procedure Act ("APA").  See Compl. ¶¶ 114–119 (Count Four).[2]  "The touchstone of arbitrary and capricious review under the APA is reasoned decisionmaking."  All. for the Wild Rockies v. Petrick, 68 F.4th 475, 493 (9th Cir. 2023) (internal quotation marks and citations omitted).  "That means an agency's action can only survive arbitrary or capricious review where it has articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Id. (internal quotation marks and citations omitted).  Here, there is "no evidence that [Edlow] considered the reliance interests of immigration benefit applicants or alternatives to an indefinite pause."  Sunny-Odio, 2026 WL 1763854, at *1 (finding a likelihood of success on the merits of APA claim); see also Compl. ¶ 119 ("complete absence of any supporting rationale" for the memoranda).  Accordingly, the Court agrees with the host of courts that have found the memoranda arbitrary and capricious.  See, e.g., Behdin, 2026 WL 1031079, at *21 (no evidence of "reasonable

United States District Court
Northern District of California

---

[2] As Plaintiffs have shown a likelihood of success on one claim, the Court need not address their other claims.  See Sunny-Odio, 2026 WL 1763854, at *1 (granting preliminary injunction after evaluating only an APA claim).

alternatives to the expansive hold policy").

Edlow's arguments in opposition are unavailing. He contends that the policy memoranda are not final agency actions, there is no jurisdiction under the APA, and that the Plaintiffs who have not yet received interviews cannot point to a discrete agency action. See Opp'n at 6–13. The Court addresses each of these points.

### 1.    Final Agency Action

This issue has been extensively discussed by other federal courts. They have reached the same conclusion: the memoranda are final agency actions subject to judicial review. See, e.g., Doe, 2026 WL 1945085, at *25 (finding "that the challenged policies constitute judicially-reviewable final agency action"); Behdin, 2026 WL 1031079, at *20 (same). Agency actions are final if they (1) conclude a decision-making process and (2) determine "rights and obligations" or impose "legal consequences." Bennett v. Spear, 520 U.S. 154, 177-78 (1997). The memoranda plainly place an indefinite hold on adjudication of pending applications, indicating the consummation of USCIS's decision-making process. See Bowser v. Noem, No. 26-CV-10382-AK, 2026 WL 555624, at *6 (D. Mass. Feb. 27, 2026) ("indefinite moratorium on applications" conclude decision-making processes even if subject to change). And this indefinite hold affects Plaintiffs' legal rights. Courts have regularly determined that the second prong of Bennett is satisfied "when an indefinite pause is imposed by an agency." Dorcas, 2026 WL 1622708, at *26 (quoting New York v. Trump, 811 F. Supp. 3d 215, 234 (D. Mass. 2025)). Accordingly, the Court determines that the policy memoranda are final agency actions.

### 2.    Jurisdiction

Edlow contends that "Congress has created a comprehensive remedial scheme with specific judicial review provisions in 8 U.S.C. §§ 1421(c) and 1447(b)." Opp'n at 12. Because of this statutory framework, Edlow asserts that APA review is precluded. Id. Not so. Sections 1421(c) and 1447(b) focus on review of individual claims regarding application denials and delays in adjudication after 120 days following an examination. 8 U.S.C. §§ 1421(c), 1447(b). Neither statute is applicable here where there is a "categorical

4

challenge to USCIS's policy of halting the adjudication of naturalization applications altogether." Dorcas, 2026 WL 1622708, at *17.

### 3. Discrete Agency Action

Edlow also argues that the Plaintiffs who have not yet received interviews "fail to point to any discrete agency action in violation of the APA." Opp'n at 13. He asserts that they cannot "demonstrate that USCIS had failed a non-discretionary duty to complete the adjudication of their applications." Id. That is incorrect.[3]

As Plaintiffs point out, USCIS has a mandatory, nondiscretionary duty to act on naturalization applications. See Reply (dkt. 20) at 11 (citing Hamandi v. Chertoff, 550 F. Supp. 2d 46, 50 (D.D.C. 2008)). Indeed, 5 U.S.C. § 555(b) requires an agency to "conclude a matter presented to it" with "due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." USCIS's "discretion in how to sequence and consider immigration benefit applications . . . does not excuse USCIS from its mandatory obligation to adjudicate . . . applications at some point." Sareminaeni v. Mullin, No. 25-CV-09238-LJC, 2026 WL 1896217, at *2 (N.D. Cal. July 1, 2026) (citation modified). Accordingly, "the discrete agency action" of adjudicating applications "still falls within the ambit of the APA." Id. (internal quotation omitted).

### B. Irreparable Harm

Plaintiffs have also shown irreparable harm. As Plaintiffs are all lawful permanent residents, the degree of harm is not as severe as in other cases granting preliminary injunctions. But there is still harm present. Like plaintiffs in the other cases, Plaintiffs face issues pursuing their livelihoods as they remain ineligible for many types of employment and cannot commit to long-term projects due to uncertainty related to citizenship status. See Reply at 13; see also Hedayati v. Edlow, No. 26-CV-04054-VKD, 2026 WL 1970745, at *5 (N.D. Cal. July 7, 2026) (irreparable harm from career losses or

---

[3] Edlow himself concedes that "USCIS already possesses the statutorily authority, institutional capacity, and responsibility to adjudicate Plaintiffs' applications." Opp'n at 24 (noting that Plaintiffs' requested relief "merely compels compliance with the INA").

setbacks, inability to meet financial needs, and "stress due to the uncertainty of their future in the United States").

Even though the policy memoranda are currently vacated, there is still uncertainty pending appeal and thus harm. Courts have granted "follow-on" injunctions post-Dorcas to quell that uncertainty and provide relief to plaintiffs. See, e.g., Sunny-Odio, 2026 WL 1763854, at *2 (granting injunction due to Dorcas appeal); Hedayati, 2026 WL 1970745, at *5 (same). This Court does the same.

### C. Balance of the Equities and the Public Interest

These final two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). "[T]here is generally no public interest in the perpetuation of unlawful agency action." Am. Ass'n of Univ. Professors v. Trump, 815 F. Supp. 3d 907, 976 (N.D. Cal. 2025) (citation modified). Moreover, Edlow (and USCIS) would not be harmed by an injunction because he admits that USCIS "has indicated that it is continuing to process Plaintiffs' N-400 applications," which is a statutorily required duty. See Opp'n at 13.

Nevertheless, the Court agrees with Edlow that Plaintiff's desired relief for adjudication within 30 days is improper at this stage. See Opp'n at 15. "Plaintiffs have not cited cogent legal authority or persuasively argued that a 30-day adjudication deadline is consistent with the status quo absent the hold imposed by the Policy Memoranda." Hedayati, 2026 WL 1970745, at *6. The problem imposed by the memoranda is that Plaintiffs have been essentially removed from the adjudication line entirely, while other later applications may proceed. Accordingly, the Court instead directs Edlow (and USCIS) to "put [P]laintiffs back in the 'normal queue,'" as that would "best balance[] the equities and serve[] the public interest." Id.; see also Sunny-Odio, 2026 WL 1763854, at *2 (requiring adjudication "in a manner consistent with USCIS's processes absent the enjoined policies").

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and requires that

their applications be adjudicated in the normal course of USCIS's process.  Because Edlow has "not requested a bond under Federal Rule of Civil Procedure 65(c), none should be required.  See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882–83 (9th Cir. 2003).  The Court also sets a status conference for August 14, 2026 at 10 AM by videoconference for further case updates.

**IT IS SO ORDERED.**

Dated: July 13, 2026



CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

7